# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Natashah Al-Ali,

                          Plaintiff,        Case No. 24-13046

v.                                          Judith E. Levy
                                            United States District Judge

CVS Pharmacy, Inc.,
                                            Mag. Judge Elizabeth A.
                          Defendant.        Stafford

_____/

### ORDER ADOPTING THE REPORT AND RECOMMENDATION [22], STAYING THE CASE PENDING ARBITRATION, AND REFERRING CARLA AIKENS TO THE CHIEF JUDGE PURSUANT TO LOCAL RULE 83.22(c)(3)

Before the Court is Magistrate Judge Elizabeth A. Stafford's Report and Recommendation ("R&R") recommending the Court grant Defendant CVS Pharmacy, Inc.'s motion to dismiss (ECF No. 7) and motion to compel arbitration. (ECF No. 8.) The R&R also recommends that Plaintiff's counsel Carla D. Aikens be referred to the Chief Judge to consider disciplinary proceedings and/or a referral to the Attorney Grievance Commission for investigation. (ECF No. 22, PageID.261.) Plaintiff Natashah Al-Ali and her counsel, Carla D. Aikens, filed an

objection to the R&R (ECF No. 24), and Defendant filed a response to the objection. (ECF No. 27.)

For the reasons set forth below, the Report and Recommendation is adopted.

## I.    Background

The factual and procedural background set forth in the R&R is fully adopted as though set forth in this Opinion and Order.

## II.    Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing

*Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

### III.   Analysis

#### A. Defendant's motion to dismiss (ECF No. 7)

The R&R recommends that Defendant's motion to dismiss Plaintiff's hostile work environment claim based on sexual harassment under Michigan's Elliott-Larsen Civil Rights Act (ECF No. 7) be granted on the basis that Plaintiff conceded at the July 2025 hearing that she is not bringing a claim of sexual harassment. (ECF No. 22, PageID.242.) Plaintiff does not object to this recommendation, and states in her

objection that "Plaintiff is willing to concede to dismissal of her sexual harassment claim." (ECF No. 24, PageID.313.)

As such, the R&R is adopted as to Defendant's motion to dismiss. (ECF No. 7.)

### B. Defendant's motion to arbitrate (ECF No. 8)

The R&R recommends that Defendant's motion to arbitrate be granted. (ECF No. 22, PageID.249.)

"Employment contracts, except for those covering workers engaged in transportation, are covered by the [Federal Arbitration Act]." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). "The Federal Arbitration Act ("FAA") provides that arbitration clauses in commercial contracts 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Glazer v. Lehman Bros.*, 394 F.3d 444, 451 (6th Cir. 2005) (citing 9 U.S.C. § 2). The FAA instructs courts to enforce arbitration agreements if "the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4.

The Court examines "arbitration language in a contract in light of the strong federal policy in favor of arbitration, resolving any doubts as

to the parties' intentions in favor of arbitration." *Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 503 (6th Cir. 2007); *see also Glazer*, 394 F.3d at 450 ("[I]t is well-established that any doubts regarding arbitrability must be resolved in favor of arbitration, because there is a strong presumption in favor of arbitration under the FAA.") (internal citation omitted). Further, "the FAA preempts state laws and policies regarding arbitration[,]" although state contract law "governs in determining whether the arbitration clause itself was validly obtained, provided the contract law applied is general and not specific to arbitration clauses." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 393 (6th Cir. 2003) (citations omitted). Additionally, "[i]t is well settled that judicial protection of pre-dispute arbitral agreements extends to agreements to arbitrate statutory employment discrimination claims." *McMullen v. Meijer, Inc.*, 355 F.3d 485, 489 (6th Cir. 2004).

"[A]rbitration is a matter of contract," meaning "courts must 'rigorously enforce' arbitration agreements according to their terms." *In re StockX Customer Data Security Breach Litigation*, 19 F.4th 873, 878 (6th Cir. 2021) (quoting *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013)). When determining a motion to compel arbitration

pursuant to the FAA, a court must "engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003).

The R&R determined that a valid arbitration agreement exists. Defendant presented an arbitration agreement signed and dated by Plaintiff on March 3, 2022. (ECF No. 22, PageID.245–247.) Plaintiff "asserts that she 'does not recall signing' the arbitration agreement." (*Id.* at PageID.248 (quoting ECF No. 10, PageID.106); *see also* ECF No. 11, PageID.117 (stating that Plaintiff "did not know that signing the agreement would give up my rights to sue CVS" and that CVS did not tell her that the document was an arbitration agreement or explain to her what an arbitration agreement was).)

However, as set forth by the R&R, these assertions are insufficient to show that the parties do not have a valid arbitration agreement. (ECF No. 22, PageID.248–249); *see Boykin v. Fam. Dollar Stores of Michigan, LLC*, 3 F.4th 832, 839 (6th Cir. 2021) (a showing that a party does not remember signing an arbitration agreement or receiving

6

information about arbitration is insufficient to establish a genuine dispute of fact regarding the signing of an arbitration agreement).

Plaintiff objects to this finding in the R&R. She states that the Michigan Supreme Court's recent opinion, *Rayford v. Am. House Roseville I, LLC*, __ N.W.3d __, No. 163989, 2025 WL 2177754 (Mich. July 31, 2025), supports a finding that the arbitration clause was invalid. The *Rayford* opinion concerns a provision in a boilerplate employment contract that shorted the statute of limitation for employment discrimination claims from three years to 180 days. *Id.* at *1. *Rayford* found that the contract was an adhesion contract, and that "an adhesive boilerplate employment agreement that shortens a limitations period must be examined for reasonableness. Additionally, these agreements are subject to traditional contract defenses, including unconscionability, and, as adhesion contracts, may be procedurally and substantively unconscionable." *Id.*

Notably, the *Rayford* opinion does not concern an arbitration agreement. Plaintiff, however, argues that this opinion may nonetheless be relevant to her case because the Michigan Supreme Court held in abeyance *Saidizand v. Gojet Airlines, LLC*, which allegedly involves

7

similar facts "relating to the validity of forced arbitration clauses in employment agreements." (ECF No. 24, PageID.312–313.) As such, Plaintiff "respectfully requests this Honorable Court deny Defendant's Motion to Compel Arbitration, or in the alternative, grant [a] stay of proceedings pending issuance of the *Saidizand* opinion." (*Id.* at PageID.313.) In Plaintiff's supplemental brief, she recognizes that *Saidizand* was remanded to the Michigan Court of Appeals "for reconsideration in light of *Rayford*," (ECF No. 25, PageID.330 (quoting *Saidizand v. GoJet Airlines, LLC*, 25 N.W.3d 676 (Mich. 2025))), and again urges the Court that Defendant's motion to compel arbitration should be denied.

Plaintiff's objection is not convincing. As an initial matter, the *Rayford* decision is limited and does not address arbitration agreements in employment contracts. *See Rayford*, 2025 WL 2177754, at *14 n.22 ("We do not today take up the question of what level of close judicial scrutiny is warranted for a different challenged provision in an adhesive employment agreement because that is beyond the scope of the issue

8

before us.").[1] Further, Plaintiff's arguments regarding *Rayford*'s applicability to this case are threadbare and perfunctory. Although Plaintiff describes *Rayford*'s holding, she makes no effort to explain what analysis the Court should undertake. For example, Plaintiff states that the Court must apply the reasonableness test outlined by *Camelot Excavating Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 410 Mich. 118 (1981), and implies that the Court should find that the arbitration agreement is unreasonable. However, Plaintiff does not perform the analysis herself or explain how the Court should come to that conclusion.

---

[1] The Michigan Court of Appeals recently held that, even in light of *Rayford*, an arbitration provision in an employment contract can be reasonable and not unconscionable when "they apply equally to both parties, and do not inhibit the rights and remedies available to either side of the arbitration." *Johnson v. Best Buy Co., Inc.*, __ N.W.3d __, No. 363807, 2025 WL 3506736, at *5 (Mich. Ct. App. Dec. 5, 2025). Here, both Plaintiff and Defendant agreed that "any dispute . . . that is covered by this Agreement . . . will be decided by a single arbitrator through final and binding arbitration only . . . ." (ECF No. 22, PageID.245 (quoting ECF No. 8-2, PageID.86).) Like the arbitration provision in *Johnson*, the agreement here applies equally to both parties.

Finally, the Court reminds Plaintiff that, even if the Michigan Court of Appeals or Michigan Supreme Court had held otherwise, such an opinion is unlikely to apply to this case because "the FAA preempts state laws and policies regarding arbitration." *Fazio*, 340 F.3d at 393. State contract law "governs in determining whether the arbitration clause itself was validly obtained, provided the contract law applied is general and not specific to arbitration clauses." *Id.*

In short, Plaintiff's objection does not adequately challenge the findings of the R&R. The Court adopts the R&R's recommendation that Defendant's motion to compel arbitration be granted.

### C. The R&R's recommendation that Plaintiff's counsel be sanctioned

The R&R recommends that Plaintiff's counsel, Carla D. Aikens, be sanctioned and referred to the Chief Judge to consider disciplinary proceedings and/or a referral to the Attorney Grievance Commission for investigation. (ECF No. 22, PageID.261.) The core basis for the R&R's recommendation is Aikens' "repeated disregard for the legal rules and controlling precedent." (*Id.* at PageID.249.)

Plaintiff's counsel objects to this recommendation. However, her responses do not convince the Court that Judge Stafford's recommendation is improper.

To the extent Aikens argues that the basis of Judge Stafford's recommendation is unclear[2], the Court disagrees. One reason the R&R recommends sanctions is because Plaintiff repeatedly makes legal

---

[2] (*See* ECF No. 24, PageID.314 ("The Magistrate Judge then stated that at the time of making this argument (though it is not clear which argument the Magistrate Judge is referring to or if it is Plaintiff's declaration), that the Sixth Circuit had repeatedly rejected that exact argument . . . ."); *id.* at PageID.316 ("It is not clear what in Plaintiff's filing the Magistrate Judge believes violates Rule 11.").)

arguments that Judge Stafford deemed frivolous. For example, she argues that the arbitration agreement is not valid because "Plaintiff does not recall signing the agreement or ever being explained what she was signing." (ECF No. 10, PageID.106.)[3] As set forth by the R&R, the Sixth Circuit has repeatedly and squarely held that these exact factual allegations are insufficient to establish a genuine dispute of fact such that the arbitration agreement may not be valid. (ECF No. 22, PageID.250–251); *see Boykin*, 3 F.4th at 839.

Despite the existence of binding Sixth Circuit law, Plaintiff's counsel continues to advance these arguments and did not reference any pertinent Sixth Circuit cases in her response to Defendant's motion.[4] (ECF No. 10, PageID.109.) Plaintiff's counsel's actions are troubling. There is no question that Plaintiff's counsel is and was aware of these controlling cases because she was counsel of record in several

---

[3] The Court notes that the R&R discusses other issues with Aikens' representation, such as Plaintiff's counsel's arguments related to the "sexual harassment claim." (ECF No. 22, PageID.254.) This opinion will not delve into these parts of the R&R because it is unnecessary.

[4] Michigan Rule of Professional Conduct 3.3(a)(2) dictates that "[a] lawyer shall not knowingly[ ] fail to disclose to a tribunal controlling legal authority in the jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."

11

Sixth Circuit cases in which those arguments were rejected. (ECF No. 22, PageID.251–252 (citing *Gavette v. United Wholesale Mortg.*, No. 24-1557, 2025 WL 318224 (6th Cir. Jan. 28, 2025); *Tucker v. United Wholesale Mortg.*, No. 24-1595, 2025 WL 1082316 (6th Cir. April 10, 2025); *Memmer v. United Wholesale Mortg., LLC*, 135 F.4th 398, 405 (6th Cir. 2025)).) However, Plaintiff's counsel continues to advance these arguments, including in this case. (*See* ECF No. 22, PageID.251 (collecting cases).)

In her objection, Aikens takes issue with the R&R's list of cases in which her clients set forth declarations that they did not realize they had signed an arbitration agreement or understand they were giving up the right to sue. (ECF No. 24, PageID.316.) To the extent Aikens interprets the R&R as "accusing counsel of manufacturing these declarations," the Court clarifies that the troubling aspect of her litigation strategy is that she continues to advance the same arguments, even after the Sixth Circuit has repeatedly rejected it and without setting forth "a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

Aikens also argues that federal courts have erred and that these holdings—that a plaintiff's statement that they did not understand what they were signing or do not remember signing the arbitration agreement is insufficient to challenge the validity of the agreement— are "not in accordance with the law of the State of Michigan." (ECF No. 24, PageID.316–317.) She claims that Michigan law supports a finding that the parties lacked mutuality of agreement when a plaintiff is unaware of what they are signing. (*Id.* (citing *McMillon v. City of Kalamazoo*, 983 N.W. 2d 79, 81 (Mich. 2023)).) But that is not an argument that Plaintiff advanced in her response brief. (*See* ECF No. 10.)

Additionally, district courts are bound by circuit court opinions. When the Sixth Circuit "has rendered a decision interpreting state law, that interpretation is binding on district courts in this circuit . . . unless an intervening decision of the state's highest court has resolved the issue." *Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009) (quoting *Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 866 (10th Cir. 2003)). At the time Plaintiff's counsel filed her response brief, one applicable case, *Memmer,* had just been published and was less than

13

two weeks old; there is no indication that the Michigan Supreme Court issued an intervening decision in that narrow window of time. (ECF No. 22, PageID.252.) And, again, there is no question that Aikens was aware of these controlling Sixth Circuit opinions.

The Court is not instructing Aikens to only advance popular arguments. It is squarely within Aikens' right to argue for "extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). But it is difficult for the Court to view her arguments as being advanced in good faith when she (1) has repeatedly made these arguments, (2) is aware that they have been squarely rejected by the Sixth Circuit numerous times, (3) does not reference or even mention these controlling opinions in her brief, and (4) makes no attempt in the brief to explain why this case is different from those decided by the Sixth Circuit. Aikens is free to believe, as many do, that precedential decisions are incorrectly decided. But when she stands before a court, she has an obligation to recognize those precedential decisions and, when applicable, present a good-faith argument why those precedential

14

decisions do not apply.[5] If she wishes to argue that precedential decisions were improperly decided, she can appeal those decisions to the United States Supreme Court. The one thing she cannot do is fail to identify controlling precedent, pretend it does not exist, and try to convince the Magistrate Judge or the undersigned to make a decision contrary to controlling precedent.

For the reasons set forth above, Plaintiff's counsel's objection to this portion of the R&R is overruled. The Court does not adopt this recommendation lightly. To be clear, the referral is not because of a dispute about how to interpret a particular case. It is based on repeated conduct that has no bearing on good faith interpretation of questions of law. It is the Court's hope that this referral will assist Plaintiff's counsel in evaluating her practice of law and moving in a direction that will allow her to continue with her chosen profession.

## IV.   Conclusion

For the reasons set forth above, the Report and Recommendation (ECF No. 22) is ADOPTED. Defendant's motion to dismiss Plaintiff's sexual harassment claim (ECF No. 7) is GRANTED. Defendant's motion

---

[5] Counsel appears to agree that she is obligated "to *acknowledge* contrary positions." (ECF No. 24, PageID.322 (emphasis in original).)

15

to compel arbitration is GRANTED. (ECF No. 8.) This case is now STAYED pending arbitration.

It is further ordered that Plaintiff's Attorney Carla D. Aikens shall be REFERRED to the Chief Judge under Eastern District of Michigan Local Rule 83.22(c)(3) for institution of disciplinary proceedings by this Court under Local Rule 83.22(e).

IT IS SO ORDERED.

Dated: March 6, 2026         s/Judith E. Levy
    Ann Arbor, Michigan       JUDITH E. LEVY
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 6, 2026.

                             s/William Barkholz
                             WILLIAM BARKHOLZ
                             Case Manager

16