# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Natashah Al-Ali,

                    Plaintiff,        Case No. 24-13046

v.                                Judith E. Levy
                                United States District Judge

CVS Pharmacy, Inc.,

                                Mag. Judge Elizabeth A.
                  Defendant.    Stafford

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [29, 30]

Before the Court is Plaintiff Natashah Al-Ali's motion for reconsideration. (ECF Nos. 29, 30.) Plaintiff requests that the Court reconsider portions of its March 6, 2026 order. (ECF No. 38.) Specifically, Plaintiff asks that the Court reconsider "(1) the ruling granting Defendant's Motion to Compel Arbitration (ECF No. 8) and staying this action, and (2) the referral of Plaintiff's counsel to the Chief Judge under E.D. Mich. L.R. 83.22(c)(3)." (ECF No. 30, PageID.388.)

For the reasons set forth below, Plaintiff's motion (ECF No. 29, 30) is denied.

## I.     Legal Standard

United States District Court Eastern District of Michigan Local Rule 7.1(h)(2) governs motions for reconsideration regarding non-final orders.

> Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought *only* upon the following grounds:
>
> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different out and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2).

## II.     Analysis

As an initial matter, motions for reconsideration "must be filed within 14 days after entry of the [challenged] order." E.D. Mich. LR 7.1(h)(2). Here, Plaintiff filed two motions for reconsideration regarding the Court's March 6, 2026 order. The first was timely filed on March 20,

2026. (ECF No. 29.) The second was untimely filed on March 21, 2026, but the docket represents that the second motion is the "correct filing" and properly attaches referenced exhibits. (ECF No. 30.) The Court's review of both filings reveals meaningful differences between the two versions of this motion beyond the inclusion of exhibits. For example, the first paragraph on page 10 contains entirely new language in the latter filing. Plaintiff does not address the lateness of its second motion or otherwise explain why the Court may consider the second motion even though it is untimely. Plaintiff also did not move to correct her initial motion.

The Court will exercise its discretion and consider the second, untimely motion, but cautions Plaintiff that, in the future, a motion to correct a previous filing should be filed. As such, the Court will only refer to the latter filing (ECF No. 30) in this order.

Plaintiff's motion for reconsideration addresses two parts of the Court's prior order. The Court will first address Plaintiff's challenge to the Court's order compelling arbitration, then will address her challenge to the Court's order that Plaintiff's Counsel be referred to the

3

Chief Judge of the Eastern District of Michigan for institution of disciplinary proceedings.

### A. The Order Compelling Arbitration

Plaintiff first asks that the Court reconsider its decision compelling arbitration. (ECF No. 30, PageID.390.)

First, Plaintiff argues that the Order incorrectly describes the record because it states that Plaintiff did not recall signing the arbitration agreement. (*Id.*) Plaintiff claims that the Court did not adequately consider the actual contents of Plaintiff's declaration, which "does not say Plaintiff failed to recall signing" and instead "states CVS did not tell her the document was an arbitration agreement, did not explain arbitration, she did not know she was giving up her right to sue, she did not know about the opt-out procedure, and she would have opted out had she known." (*Id.*; *see also id.* at PageID.393–394.)

The Court disagrees. The prior order takes into account the actual contents of Plaintiff's declaration. (*See* ECF No. 38, PageID.367 (quoting the contents of Plaintiff's declaration at ECF No. 11).) And even if the Court had mistakenly ignored the contents of Plaintiff's declaration, correcting the mistake does not change the outcome of the

4

Court's decision. E.D. Mich. 7.1(h)(2)(A). A plaintiff who signed an arbitration agreement cannot challenge the arbitration agreement on the basis that "she did not understand the agreement" or was not told what she was signing because these allegations "do not amount to a denial that she saw and signed the agreement." *Memmer v. United Wholesale Mortg., LLC*, 135 F.4th 398, 405–06 (6th Cir. 2025); (*see also* ECF No. 28, PageID.367–368.)

Second, Plaintiff argues that there still remains a genuine dispute of fact whether the parties entered into an agreement to arbitrate because her declaration "disputes informed assent and notice, including notice of the opt-out mechanism" and, as such, the "Court should deny arbitration or, at minimum, order limited § 4 proceedings focused on what StarSource displayed to Plaintiff, what disclosures were made about arbitration, and what notice was provided about opting out" (ECF No. 30, PageID.391.) Even assuming that this argument is properly raised under Local Rule 7.1(h)(2), Plaintiff's argument fails. Again, the Sixth Circuit has explained that claims that an individual who signs an arbitration agreement "did not understand the agreement" or was not

told what she was signing "do not amount to a denial that she saw and signed the agreement." *Memmer*, 135 F.4th at 405–06.

Third, Plaintiff avers that developments in Michigan contract law support her position that Plaintiff had not entered into an arbitration agreement and that the Court did not properly consider *Rayford v. Am. House Roseville I, LLC*, __ N.W.3d __, No. 163989, 2025 WL 2177754 (Mich. July 31, 2025), and *Saidizand v. GoJet Airlines, LLC*, 25 N.W.3d 676 (Mich. 2025), which she indicates demonstrate that "judicial scrutiny of adhesive employment provisions must be real, not nominal." (ECF No. 30, PageID.392; *see also id.* at PageID.394–395.) Plaintiff also references *Johnson v. Best Buy Co., Inc.*, __ N.W.3d __, No. 363807, 2025 WL 3506736 (Mich. Ct. App. Dec. 5, 2025), even though that opinion does not support her position. (ECF No. 28, PageID.370 n.1 (discussing *Johnson*).)

Plaintiff's argument does not change the Court's decision. The prior order addressed Plaintiff's arguments regarding *Rayford* and *Saidizand*. (ECF No. 28, PageID.368–370.) The motion for reconsideration reiterates her prior arguments, and, as such, does not

adequately explain why the Court's analysis contained a mistake.[1] "Indeed, motions for reconsideration are not an opportunity to . . . relitigate issues that the court previously considered." *Bowles v. Macomb Cmty. Coll.*, No. 20-13175, 2022 WL 1469515, at *1 (E.D. Mich. May 10, 2022) (Cleland, J.). Thus, Plaintiff's motion for reconsideration on this ground is also denied.

Finally, Plaintiff presents a short excerpt of a transcript from a February 4, 2026 hearing in *Regins v. Impact Ventures Corp.*, Case No. 25-12112 (E.D. Mich.) (Hood, J.). (ECF No. 30-2.) According to Plaintiff, in this hearing, Judge Hood "announced her ruling on the record that the plaintiff was not bound by an alleged arbitration provision in an employee handbook because the handbook disclaimed contract formation, lacked mutuality, and gave the employer exclusive authority

---

[1] Nor does Plaintiff address the deficiencies in her prior motion. (*See* ECF No. 28, PageID.370 ("Plaintiff's arguments regarding *Rayford*'s applicability to this case are threadbare and perfunctory. Although Plaintiff describes *Rayford*'s holding, she makes no effort to explain what analysis the Court should undertake. For example, Plaintiff states that the Court must apply the reasonableness test outlined by *Camelot Excavating Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 410 Mich. 118 (1981), and implies that the Court should find that the arbitration agreement is unreasonable. However, Plaintiff does not perform the analysis herself or explain how the Court should come to that conclusion.").) This aspect of the Court's decision is not a "mistake" when Plaintiff fails to provide adequate support for that argument.

to select the arbitrator" and that Judge Hood's statement is "persuasive confirmation that Michigan contract principles and fairness of the mechanism used to bind employees remain dispositive in appropriate cases." (ECF No. 30, PageID.393.)

The Court declines to consider this transcript excerpt. As noted by Plaintiff, Judge Hood has not yet issued a written opinion or order on the motion.. (*See id.*) Additionally, motions for reconsideration can only be brought on three grounds: an intervening change in controlling law, new facts that warrant a different outcome and could not have been discovered with reasonable diligence before the prior decision, or the Court made a mistake based on the record and law before the Court at the time of its initial decision, and correcting the mistake changes the outcome of the decision. E.D. Mich. LR 7.1(h)(2)(A)–(C). Consideration of Judge Hood's statements at the *Regins* hearing does not fall within these three grounds. Her statement at a hearing that has not been incorporated into a ruling of any sort is not controlling law, nor does it constitute new facts. Finally, Judge Hood's statements were not before the Court at the time of its prior decision.

For the reasons set forth above, Plaintiff's motion for reconsideration regarding the Court's order on arbitration is denied.

### B. The Order Referring Plaintiff's Counsel to the Chief Judge for Institution of Disciplinary Proceedings

Plaintiff's counsel, Carla Aikens, also moves for reconsideration of the Court's order referring her to the Chief Judge for institution of disciplinary proceedings. She challenges the Court's order on three grounds.

First, she states that the referral "rests on disputed premises and generalized assertions rather than case-specific findings" and that "[a] disciplinary referral should be anchored to specific findings in this case." (ECF No. 30, PageID.398.) Plaintiff's counsel's argument is unclear, and she does not cite to any authority. The Court finds that this argument does not adequately set forth grounds for reconsideration of the Court's prior order.

Plaintiff's counsel also represents that the response brief was filed and apparently written by another attorney in her firm, which she argues demonstrates that "the issue is at most one of citation and framing, not bad faith." (ECF No. 30, PageID.397.) The Court declines to address this argument because it does not fall within the three

9

grounds permitted for motions for reconsideration. E.D. Mich. LR 7.1(h)(2)(A)–(C). Specifically, it is not based on an intervening change in controlling law, a new fact that warrants a different outcome and could not have been discovered with reasonable diligence before the prior decision, or a mistake based on the record and law before the Court at the time of its initial decision, and correcting the mistake changes the outcome of the decision. Additionally, Judge Stafford's Report and Recommendation ("R&R") recommended referral to the Chief Judge not just based on Plaintiff's response brief, but also due to representations made in the complaint and Aikens' statements at the hearing. (ECF No. 22, PageID.252–258.)

Finally, Plaintiff's counsel argues that the Court's referral is premature and disproportionate and criticizes the reasoning in Judge Stafford's R&R. (ECF No. 30, PageID.395–396.) She also "requests that the Court identify with specificity the precise statement, omission, or act in this case that violated a rule or legal duty, the authority allegedly violated, and the factual basis for concluding that referral is warranted" and/or that the Court hold "an evidentiary hearing or other focused proceedings before any referral is allowed to stand." (*Id.* at PageID.396.)

10

Regarding Aikens' argument that the basis for the referral to the Chief Judge is unclear, the Court already addressed this issue. (*See* ECF No. 28, PageID.371–372.) The same is true for Aikens' criticism of the R&R's reasoning. (*See* ECF No. 28.) Additionally, to the extent Aikens is concerned that she has not received sufficient process before the referral to the Chief Judge, such as an evidentiary hearing, the Court clarifies that referral does not automatically result in discipline. As set forth in Eastern District of Michigan Local Rule 83.22(c), "[w]hen misconduct or allegations of misconduct that, if substantiated, would warrant discipline of an attorney . . . come to the attention of a judicial officer, including a . . . magistrate judge, . . . the judicial officer may refer the matter to[ ] . . . the chief district judge for institution of disciplinary proceedings by this court under LR 83.22(e)." Upon receipt of the referral, the chief judge assigns a three-judge panel to hear and determine whether discipline is necessary. LR 83.22(e)(1). Aikens will have ample opportunity to argue against discipline in her case.

## III.  Conclusion

For the reasons set forth above, Plaintiff's motion for reconsideration (ECF Nos. 29, 30) is DENIED.

IT IS SO ORDERED.

Dated: April 15, 2026          s/Judith E. Levy
     Ann Arbor, Michigan       JUDITH E. LEVY
                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 15, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

12