UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NATASHA AL-ALI,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC.<br><br>Defendant. | Case No. 24-13046<br>Honorable Judy E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING MOTION FOR WITHDRAWAL OF ATTORNEY,
AND DENYING PLAINTIFF'S MOTIONS FOR JUDICIAL
INTERVENTION AND AN EVIDENTIARY HEARING
(ECF NO. 39, 40, 41, 42, 43)**

**A.**

The Honorable Judith E. Levy referred this matter to the undersigned for full pretrial matters.  ECF No. 12.  She later granted a motion to compel arbitration and stay proceedings filed by defendant CVS Pharmacy, Inc. ECF No. 28.   After entry of the stay, Plaintiff Natasha Al-Ali moved for withdrawal of her attorney, filed three motions for judicial intervention and appointment of arbitrator, and filed an emergency motion for a live

evidentiary hearing and to compel forensic disclosures.  ECF No. 39; ECF No. 40; ECF No. 41; ECF No. 42; ECF No. 43.[1]

**B.**

The Court **GRANTS** Al-Ali's motion for withdrawal of her attorney, Carla Aikens.  ECF No. 39.  Email correspondence between Al-Ali and Aikens confirms a breakdown in the attorney-client relationship.  ECF No. 39-1.

In that correspondence, Aikens wrote, "The cost to obtain copies of your file will be as stated in the agreement per page. Please let me know how you want to pay for it. I will not send any of my attorney work product to you, but I'll send you what we have once payment arrangements have been made." *Id*.  If Aikens is withholding Al-Ali's access to her case files pending Al-Ali's payment, Aikens may be violating M.R.P.C. 1.16(d), which states:

> (d) Upon termination of representation, a lawyer shall take reasonable steps to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by law.

---

[1] Some of Al-Ali's motions (ECF Nos. 40 & 41) are single-spaced and more than 25 pages long, in violation of Local Rules 5.1(a)(2) and 7.1(d)(3)(A). Al-Ali must comply with all applicable rules despite her pro se status.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Michigan Formal Ethics Opinion RI-392(D)(1)[2] delineates the documents an attorney must allow a client to access after termination of the attorney-client relationship.

If Aikens has not permitted Al-Ali to access to her case files, or does not allow such access in short order, Al-Ali may move the Court for sanctions under M.R.P.C. 1.16(d) and RI-392.  During the stay, the Court retains jurisdiction to resolve matters that are collateral to the arbitration proceedings, including motions for sanctions.  *ATAC Corp. v. Arthur Treacher's, Inc.*, 280 F.3d 1091, 1102 (6th Cir. 2002).

## C.

Acting pro se, Al-Ali moves the Court to intervene in the arbitration proceedings, complaining that those proceedings have stalled, that the assigned American Arbitration Act (AAA) case manager has treated her unfairly in favor of CVS, and about other alleged regularities.  ECF No. 40; ECF No. 41; ECF No. 43.  Al-Ali also filed an emergency motion for a live hearing and to compel forensic disclosures.  ECF No. 42.  She asks the

---

[2] RI-392 may be found at https://www.michbar.org/opinions/ethics/numbered_opinions/RI-392 (last visited on June 5, 2026).

Court to "exercise its continuous supervisory jurisdiction over this stayed matter to grant immediate judicial intervention" to grant the order.  *Id.*

But the Court has no continuous supervisory jurisdiction; it has no discretion to intervene in the ongoing arbitration proceedings.  "Parties to an arbitration generally may not challenge the fairness of the proceedings or the partiality of the arbitrators until the conclusion of the arbitration and the rendition of a final award."  *Savers Prop. & Cas. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 748 F.3d 708, 716 (6th Cir. 2014).  Because of this rule, the district court in *Savers* "erred by prematurely interjecting itself into this private dispute."  *Id.*; *see also LaPrade v. Kidder Peabody & Co.,* 146 F.3d 899, 903 (D.C. Cir. 1998) ("[A]lthough the district court still had jurisdiction over the original suit, its jurisdiction was suspended until the arbitration was complete….  The Arbitration Act contemplates that courts should not interfere with arbitrations by making interlocutory rulings.").

That said, the Federal Arbitration Act "ensures that the parties can return to federal court if arbitration breaks down or fails to resolve the dispute."  *Smith v. Spizzirri*, 601 U.S. 472, 477 (2024) (citing 9 U.S.C. § 3); *see also Balderrama v. Deployed Servs., LLC*, 819 F. Supp. 3d 639, 653 n. 58 (W.D. Tex. 2026) ("As the Supreme Court has explained, 'stay' in § 3 of

the FAA 'denote[s] the "temporary suspension" of legal proceedings, not the conclusive termination of such proceedings,' and '§ 3 ensures that the parties can return to federal court if arbitration breaks down or fails to resolve the dispute.'") (quoting *Spizzirri*, 601 U.S. at 477)).

Although Al-Ali described the arbitration proceedings as stalled, her motions describe interactions with and decisions by an AAA case manager. With no breakdown in the arbitration proceedings, the parties' dispute may not return to federal court.  Thus, the Court **DENIES** Al-Ali's motions to intervene and for an evidentiary hearing.  ECF No. 40; ECF No.  41; ECF No. 42; ECF No. 43.  **And if Al-Ali files more motions requesting premature intervention in the arbitration proceedings, they will be stricken.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 8, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a**

**magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the**

**magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 8, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager

6