UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATASHA AL-ALI,

Plaintiff,

v.

CVS PHARMACY, INC.

Defendant.

Case No. 24-13046
Honorable Judy E. Levy
Magistrate Judge Elizabeth A. Stafford

## ORDER STRIKING PLAINTIFF'S EMERGENCY MOTION FOR INTERVENTION IN ARBITRATION AND WARNING OF SANCTIONS (ECF NO. 65)

The Honorable Judith E. Levy referred this matter to the undersigned for full pretrial matters.  ECF No. 12.  She later granted a motion to compel arbitration and stay proceedings filed by Defendant CVS Pharmacy, Inc. ECF No. 28.   After entry of the stay, Plaintiff Natasha Al-Ali moved for withdrawal of her attorney, filed three motions for judicial intervention and appointment of arbitrator, and filed an emergency motion for a live evidentiary hearing and to compel forensic disclosures.  ECF No. 39; ECF No. 40; ECF No.  41; ECF No. 42; ECF No. 43.

In an Order issued June 8, 2026, this Court granted Al-Ali's motion for withdrawal of her attorney.  ECF No. 47, PageID.1072-1073.  The Court also explained that, during the stay, this Court retains limited jurisdiction to resolve matters collateral to the arbitration—such as a motion for sanctions if Al-Ali's former counsel fails to provide her access to her case files as required by the Michigan Rules of Professional Conduct.  *Id.*

But this Court denied Al-Ali's motions for judicial intervention in the arbitration proceedings and for an evidentiary hearing, explaining that this Court "has no continuous supervisory jurisdiction; it has no discretion to intervene in the ongoing arbitration proceedings."  *Id.*, PageID1074.  It noted that while Al-Ali claimed the arbitration proceedings had stalled, her own motions "described interactions with and decisions by an AAA case manager.  With no breakdown in the arbitration proceedings, the parties' dispute may not return to federal court."  *Id.*, PageID.1075.  And in denying Al-Ali's motions to intervene and for an evidentiary hearing, this Court warned Al-Ali that if she "files more motions requesting premature intervention in the arbitration proceedings, they will be stricken."  *Id.*

Two days later, Al-Ali moved for sanctions against her former counsel.  ECF No. 48.  In that motion, Al-Ali acknowledged this Court's ruling that it would not entertain premature motions to intervene in the

2

arbitration proceedings.  *Id.*, PageID.1083 ("Because this Motion addresses the collateral protection of the client's file under M.R.P.C. 1.116(d) and does not request intervention into the merits of the arbitration track, it strictly complies with the jurisdictional boundaries set on Page 5 of the Court's Order (ECF No. 47).").

Even so, on July 10, 2026, Al-Ali filed an "emergency" motion again requesting premature intervention in the arbitration proceedings.  Al-Ali attaches correspondence with the AAA in which she "formally accepts" the appointment of an appointed arbitrator.[1]  ECF No. 65-2.  Yet Al-Ali's motion asks for a "protective judicial freeze," demands "an active *de novo* review by this Court," asks this Court to rule on "summary disposition motions," and "maintain active supervisory overwatch" over the arbitration.  ECF No. 65, PageID.1636, 1639-1640.  Again, this Court has no discretion to intervene in the ongoing arbitration proceedings.  True to its word, the Court **STRIKES** Al-Ali's emergency motion (ECF No. 65) that requests premature intervention in the arbitration proceedings.

---

[1] Despite "formally accepting" the appointed arbitrator, Al-Ali's letter to the AAA asserts her acceptance is "conditional" on this Court not designating an arbitrator and states "[i]f the District Court does not step in to appoint a separate arbitrator, Judge Conner stands locked in as the absolute choice for this case."  *Id.*

The Court also **WARNS** Al-Ali that she will face sanctions if she continues to file motions requesting premature intervention in the arbitration proceedings.  "Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."  *Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006).  Al-Ali's pro se status does not give her license "to clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Bradley v. Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at * 1 n.2 (S.D. Ohio Apr. 27, 2006) (cleaned up).  The sanctions that Al-Ali may face include (1) involuntary dismissal with prejudice; and (2) enjoining Al-Ali from filing lawsuits in this district without leave of court.  *Hardy v. Whitaker*, 351 F.R.D. 84, 100 (E.D. Mich. 2026).

   **IT IS SO ORDERED.**

                                              s/Elizabeth A. Stafford
                                              ELIZABETH A. STAFFORD
Dated: July 17, 2026                          United States Magistrate Judge

4

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 17, 2026.

s/Julie Owens
JULIE OWENS
Case Manager