**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Natashah Al-Ali,

Plaintiff,

v.

CVS Pharmacy, Inc.,

Defendant.

Case No. 24-13046

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

________________________________/

**ORDER OVERRULING CARLA D. AIKENS' OBJECTIONS [50] AND PLAINTIFF NATASHAH AL-ALI'S OBJECTIONS [51]**

*Pro se* Plaintiff Natashah Al-Ali and her former counsel, Carla D. Aikens, filed objections (ECF Nos. 50, 51) to Magistrate Judge Elizabeth A. Stafford's Order granting Plaintiff's motion for withdrawal of attorney and denying Plaintiff's motions for judicial intervention and an evidentiary hearing. (ECF No. 47.)

Defendant filed a response to Plaintiff's objections. (ECF No. 60.) Plaintiff filed a reply. (ECF No. 61.) Plaintiff also filed a variety of exhibits with her objections, as well as "supplemental evidence." (ECF

No. 52, 54, 55, 62, 63.) Finally, Defendant filed a notice informing the Court that an arbitrator has been appointed. (ECF No. 64.)

For the reasons set forth below, the objections (ECF Nos. 50, 51) are overruled.

## I. Background

This is an employment discrimination suit. On September 22, 2025, Judge Stafford issued a Report and Recommendation ("R&R") recommending that the Court grant Defendant's motion to dismiss Plaintiff's sexual harassment claim and grant Defendant's motion to compel arbitration. (ECF No. 22.) The Court adopted the R&R on March 6, 2026 and stayed the proceedings for the parties to attend arbitration. (ECF No. 28.) The Court also denied Plaintiff's motion for reconsideration. (ECF No. 36.)

Despite the stay and the Court's order compelling arbitration, a variety of issues continue to come before the Court. Plaintiff filed a *pro se* motion to end Carla D. Aikens's representation of Plaintiff. (ECF Nos. 39, 47.) Additionally, *pro se* Plaintiff filed numerous motions and exhibits regarding perceived issues with the arbitration and her former counsel, among others. (*See* ECF Nos. 40, 41, 42, 43, 44, 45, 46.) On

June 8, 2026, Judge Stafford issued an order resolving these motions. (ECF No. 47.) This order is the subject of the objections filed by Plaintiff and Ms. Aikens.

## II. Legal Standard

Federal Rule of Civil Procedure 72(a) provides that, for non-dispositive pretrial matters where a magistrate judge issues a written order:

> [a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). The Eastern District of Michigan Local Rules state that objections under Rule 72 "must: (A) specify the part of the order . . . to which a person objects; and (B) state the basis for the objections." E.D. Mich. LR 72.1(d). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017)). "A [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left

with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[A]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id.* (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

## III. Analysis

### A. Carla D. Aikens' Objection (ECF No. 50)

Ms. Aikens' objection is limited to a sentence in Judge Stafford's order. The order states, "If Aikens has not permitted Al-Ali to access [ ] her case files, or does not allow such access in short order, Al-Ali may move the Court for sanctions under M.R.P.C. 1.16(d) and RI-392." (ECF No. 47, PageID.1073.) Ms. Aikens objects to the inclusion of this sentence and requests that the Court strike that portion of the order or, in the alternative, requests "clarification that the June 8, 2026 Order makes no finding that counsel withheld Plaintiff's file, no finding that counsel violated MRPC 1.16(d) or RI-392, no finding that sanctions proceedings are warranted, and no authorization for Plaintiff to pursue sanctions against former counsel without a properly filed and served

motion identifying specific non-work-product materials allegedly requested and not provided." (ECF No. 50, PageID.1091.)

This objection is overruled as Ms. Aikens has not identified "any part of the order that . . . is contrary to law." Fed. R. Civ. P. 72(a). As recognized by Ms. Aikens' objection, the sentence is "framed conditionally" and does not set forth any findings. (ECF No. 50, PageID.1089.) Although Ms. Aikens argues that the sentence "could be read as an invitation to assess sanctions without the process required before sanctions may be imposed," (*id.* at PageID.1090), that interpretation is not justified considering that it is a conditional sentence with no findings. Further, the sentence in the order cannot be read as authorizing sanctions proceedings without giving Ms. Aikens a full opportunity to respond.

Ms. Aikens' objection is overruled.

**B. Plaintiff's Objection (ECF No. 51)**

Plaintiff filed objections to Judge Stafford's order. (ECF No. 51.)

First, the Court will permit Plaintiff's late filing of the objection. Plaintiff's objection appears to state that she had trouble filing her objections due to accidentally typing the wrong case number on her

documents. (*Id.* at PageID.1094.) As such, the Court finds that Plaintiff's failure to timely file her objection was due to an excusable error.

Plaintiff's objection to the order is difficult to understand, but she appears to argue that Judge Stafford erred when she determined that there was "no breakdown in the arbitration proceedings" and that "the parties' dispute may not return to federal court." (ECF No. 47, PageID.1075.) According to Plaintiff, "[t]he Order under review mischaracterizes a severe structural collapse of procedural due process as a mere personal relationship dispute between Plaintiff and the American Arbitration Association (AAA) Case Manager." (ECF No. 51, PageID.1096.)

Plaintiff's objections are insufficient for several reasons.

First, Plaintiff's objections contain numerous factitious citations. For example, Plaintiff quotes 9 U.S.C. § 5, but the quote is inaccurate. (*Id.* at PageID.1100–1101.) Additionally, Plaintiff purportedly cites cases such as "*Cottman Transmission Sys., Inc. v. Metro. Pontiac GMC, Inc.*, 351 F. Supp. 2d 343, 347 (E.D. Pa. 2004)" and "*McMahon v. RMS Electronics, Inc.*, 951 F. Supp. 923, 925 (S.D.N.Y. 1997)," but these cases

do not exist.[1] (*Id.* at PageID.1101; *see also id.* at PageID.1103 (citing the non-existent "*Cottman*" case again).)[2]

"The objecting party bears the burden of showing that a magistrate judge's decision on a non-dispositive pretrial matter . . . is clearly erroneous or contrary to law." *Jackson v. Sloan*, No. 1:18 CV 986, 2019 WL 311520, at *2 (N.D. Ohio Jan. 24, 2019) (citing 28 U.S.C.

---

[1] Regarding "*Cottman Transmission Sys., Inc. v. Metro. Pontiac GMC, Inc.*, 351 F. Supp. 2d 343, 347 (E.D. Pa. 2004)," the case citation "351 F. Supp. 2d 343" actually refers to *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 351 F. Supp. 2d 334, 343 (D. Md. 2004). The Court is unable to find a case titled "*Cottman Transmission Sys., Inc. v. Metro. Pontiac GMC, Inc.*"

Regarding "*McMahon v. RMS Electronics, Inc.*, 951 F. Supp. 923, 925 (S.D.N.Y. 1997)," the case citation "951 F. Supp. 923" actually refers to *United States v. Kanahele*, 951 F. Supp. 921, 923 (D. Haw. 1995). While the Court has found cases titled "*McMahon v. RMS Electronics, Inc.*," these cases do not appear to be relevant. *McMahon v. RMS Elecs., Inc.*, 695 F. Supp. 1557, 1559 (S.D.N.Y. 1988); *McMahon v. RMS Elecs., Inc.*, 618 F. Supp. 189, 192 (S.D.N.Y. 1985).

[2] The Court notes that many of Plaintiff's citations appear to be factitious, not just these identified "citations." Additionally, many of Plaintiff's citations to cases that do exist still appear to be factitious because those citations do not stand for the argument asserted. (*See* ECF No. 51, PageID.1102 (falsely claiming that *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000), stands for the assertion that "a federal court will invoke [9 U.S.C. § 5] to step in and directly appoint an independent neutral after determining that an arbitral provision has failed because the named association handles the selection track with inherent, structural bias").)

The Court warns Plaintiff that even a single factitious citation is unacceptable.

§ 636(b)(1)). Here, the Court finds that Plaintiff has not met her burden to show that Judge Stafford's order was contrary to law because Plaintiff's legal arguments cannot be credited. Citations to cases that do not exist or do not stand for the argument asserted cannot demonstrate that Judge Stafford's order "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (quoting *Winsper*, 2013 WL 5673617, at *1).

Additionally, Plaintiff's objections lack merit. Judge Stafford denied Plaintiff's motions for judicial intervention into the arbitration proceedings conducted by the American Arbitration Association ("AAA"), reasoning that Plaintiff had not demonstrated a "breakdown in the arbitration proceedings" or a "fail[ure] to resolve the dispute" such that the parties' dispute could return to federal court. (ECF No. 47, PageID.1074–1075 (quoting *Smith v. Spizzirri*, 601 U.S. 472, 477 (2024)).) According to Plaintiff, this finding was incorrect and she describes issues with the arbitration proceedings. The issues are as follows.

Plaintiff states that Defendant filed documents in the arbitration proceeding, such as a motion to dismiss, and believes that the content

and timing of these filings are wrong or improper. (ECF No. 51, PageID.1096, 1102, 1103, 1107; *see also* ECF No. 61, PageID.1435–1437.) Plaintiff also believes that the process of selecting an arbitrator was not followed, that the process was "tainted" and delayed, and asks that the Court appoint an arbitrator under 9 U.S.C. § 5. (ECF No. 51, PageID.1098–1099; *id.* at PageID.1106; ECF No. 61, PageID.1437–1439.) Plaintiff further argues that Defendant improperly refused to exchange documents or discovery with her. (ECF No. 51, PageID.1105.) Finally, Plaintiff appears to believe that Defendant, her former attorney, and the AAA's case manager engaged in misconduct. (*Id.* at PageID.1102 ("While the selection list remained broken, the administrative officer permitted CVS's legal counsel to utilize back-channel data loops to route Plaintiff's confidential files to a discharged non-party attorney, while omitting Plaintiff's written complaints from the active file."); *see also id.* at PageID.1109.)

These allegations are insufficient. As an initial matter, Plaintiff's factual assertions are improperly presented to the Court. Nearly all of these allegations are presented without citations to the record. Although Plaintiff plainly disagrees with Judge Stafford's

interpretation of the factual record, (*see* ECF No. 51, PageID.1096 (describing the Order as "mischaracteriz[ing] a severe structural collapse of procedural due process as a mere personal relationship dispute between Plaintiff and the [AAA] case manager")), Plaintiff's objections do not properly present her factual assertions to the Court.

Generally speaking, parties presenting factual assertions to a court are obligated to include exhibits that support those factual assertions and to use citations in their brief that direct the court to the relevant evidence in those exhibits. "It is not the district court's [ ] duty to search through the record to develop a party's claims; the litigant must direct the court to evidence in support of its arguments before the court." *Magnum Towing & Recovery v. City of Toledo*, 287 F. App'x 442, 449 (6th Cir. 2008); *McGee v. Armstrong*, No. 5:11CV2751, 2017 WL 3494328, at *5 n.13 (N.D. Ohio Aug. 15, 2017) (stating the same when resolving a motion to reopen a case and appealing an arbitrator's decision), *aff'd*, 941 F.3d 859 (6th Cir. 2019). This is true even when a party is *pro se*. Here, Plaintiff's narrative of events almost entirely lacks citations to the record. (*See* ECF No. 51, PageID.1105–1109.) Plaintiff describes a variety of allegations, but largely does not direct the Court

to specific documents and pages that could verify each factual allegation. This is especially problematic considering that Plaintiff has filed a variety of exhibits, but many of these exhibits are not clearly referenced in her objections. (*See* ECF Nos. 52-3, 52-4, 52-5, 52-6, 54-1, 54-2, 55-1.)

More importantly, Plaintiff does not set forth a basis for the Court to appoint an arbitrator under 9 U.S.C. § 5 or issue a "Protective Stay directed to the [AAA] to immediately freeze all unilateral administrative appointments and procedural deadlines," (ECF No. 51, PageID.1111–1112), or for any of the relief she seeks.[3] Plaintiff does not properly set forth on what legal bases these alleged events would warrant the extraordinary relief of court intervention into arbitration proceedings.[4]

---

[3] Plaintiff improperly seeks additional relief in her reply to her objections. (ECF No. 61, PageID.1444 (requesting that "this Court exercise its inherent supervisory authority to actively monitor the administrative proceedings and explicitly define the scope of the tribunal's mandate"); *id.* at PageID.1446 (requesting that the Court issue an order compelling Defendant to produce and file various documents).) A reply to an objection to a Magistrate Judge's order is not the proper vehicle for asking the Court for this relief. *See* E.D. Mich. LR 7.1(i).

[4] Even assuming that these issues are proper to bring before the Court, Plaintiff argues that many of Defendant or the AAA case manager's actions were improper or violate the AAA's rules but does not cite specific AAA rules or otherwise adequately explain why they are improper.

Since Plaintiff filed her objections, an arbitrator—retired judge Hon. Christopher C. Conner—was appointed as the arbitrator in this matter. (ECF No. 64-3.) It is apparent that the arbitration proceedings have not broken down. It is also apparent that an appointment of an arbitrator under 9 U.S.C. § 5 is unnecessary, to the extent the Court would even be permitted to do so under the terms of the parties' arbitration agreement or under these circumstances.

For these reasons, Plaintiff's objections are overruled.

## IV. Warning to Plaintiff of Sanctionable Behavior

As set forth previously in this opinion, Plaintiff's objections contained factitious citations. These factitious citations appear to be created by generative artificial intelligence ("AI") tools. *See United States v. Hayes*, 763 F. Supp. 3d 1054, 1065 (E.D. Cal. 2025). The Court recognizes that, "for a pro se litigant especially, AI software offers a tempting tool to offset the disadvantage of appearing in an unfamiliar court setting." *Everett J. Prescott, Inc. v. Beall*, No. 1:25-CV-00071-JAW, 2025 WL 2084353, at *2 (D. Me. July 24, 2025). Nevertheless, "a pro se litigant must not provide the Court with erroneous and factitious citations and has an obligation to review documents filed with the Court

to make certain they are scrupulously accurate." *Id.*; *see also Whiting v. City of Athens*, 170 F.4th 455, 461 (6th Cir. 2026) (stating that citing "even a single fake case" can be sanctionable conduct).

And when litigants misrepresent the law, they waste judicial resources. Pro se litigants who have engaged in similar behavior have been subjected to sanctions such as the striking of filings with factitious citations, dismissal of the case, and monetary penalties. *See Evans v. Robertson*, No. 24-13435, 2025 WL 3126852, at *4 (E.D. Mich. Nov. 7, 2025) (striking filings with factitious citations); *Ali v. IT People Corp., Inc.*, No. 2:25-CV-10815, 2025 WL 2682622, at *3 (E.D. Mich. Sept. 19, 2025) (ordering the plaintiff to pay $200.00 to the defendant's attorney for each factitious citation).

The Court warns Plaintiff that, in the future, **even one factitious citation will not be tolerated and that she may be sanctioned if future filings contain factitious citations**, including but not limited to striking of filings or monetary penalties. The Court warns Plaintiff that factitious citations include case citations to nonexistent cases, but also case citations that, while real, do not stand

for their asserted proposition. Plaintiff has an obligation to ensure that she does not submit any factitious citations in the future.

**V. Conclusion**

Carla D. Aikens' objections (ECF No. 50) are OVERRULED. Plaintiff Al-Ali's objections (ECF No. 51) are OVERRULED.

Plaintiff Al-Ali is warned that future filings with factitious citations will not be tolerated and that she may face sanctions, such as striking of filings or monetary penalties, if future filings contain factitious citations.

IT IS SO ORDERED.

Dated: July 31, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 31, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager