UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NATASHAH AL-ALI,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC.,<br><br>Defendant. | Case No. 24-13046<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS (ECF NO. 48)**

**A.**

The Honorable Judith E. Levy referred this matter to the undersigned for all pretrial matters. ECF No. 12. She later granted a motion to compel arbitration and stay proceedings filed by Defendant CVS Pharmacy, Inc. ECF No. 28. After entry of the stay, Plaintiff Natasha Al-Ali moved for withdrawal of her attorney, Carla Aikens, following a breakdown in the attorney-client relationship. ECF No. 39. Based on a review of correspondence between Aikens and Al-Ali, the Court granted that motion and terminated Aikens as Al-Ali's attorney in this matter. ECF No. 47, PageID.1072-1073. In the same order, the Court noted that the

correspondence suggested that Aikens may have violated Michigan Rule of Professional Conduct (M.R.P.C.) 1.16(d) by withholding Al-Ali's access to her case files. *Id*. The Court said, "If Aikens has not permitted Al-Ali to access to her case files, or does not allow such access in short order, Al-Ali may move the Court for sanctions." *Id*. Al-Ali then moved for sanctions against Aikens and defense counsel for allegedly colluding to withhold case materials from her. ECF No. 48.

The Court finds that Al-Ali's motion for sanctions lacks merit and thus denies it.

**B.**

Though this matter is stayed pending arbitration, the Court retains jurisdiction to resolve matters that are collateral to the arbitration proceedings, including motions for sanctions. *ATAC Corp. v. Arthur Treacher's, Inc.*, 280 F.3d 1091, 1102 (6th Cir. 2002). And "[t]he district court has inherent duty and responsibility to supervise the conduct of attorneys appearing before the court. Any court possessing power to admit attorneys to practice has authority to sanction them for unprofessional conduct." *In re Landstreet*, 490 F. App'x 698, 701–02 (6th Cir. 2012) (citations omitted); *see also Matter of Searer*, 950 F. Supp. 811, 813 (W.D. Mich. 1996).

Al-Ali claims that Aikens should be sanctioned for failing to give her access to her entire case file. ECF No. 48, PageID.1079-1080, 1083. After Al-Ali terminated the attorney-client relationship, Aikens emailed Al-Ali stating, "The cost to obtain copies of your file will be as stated in the agreement per page. Please let me know how you want to pay for it. I will not send any of my attorney work product to you, but I'll send you what we have once payment arrangements have been made." ECF No. 39-1, PageID.429. Thus, when granting the motion to withdrawal, the Court warned that "[i]f Aikens is withholding Al-Ali's access to her case files pending Al-Ali's payment, Aikens may be violating M.R.P.C. 1.16(d)." ECF No. 47, PageID.1072. That rule states:

> (d) Upon termination of representation, a lawyer shall take reasonable steps to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by law.

The Court also pointed to Michigan Formal Ethics Opinion RI-392 (RI-392),[1] which delineates the documents an attorney must allow a client

[1] RI-392 may be found at https://www.michbar.org/opinions/ethics/numbered_opinions/RI-392 (last visited on Sept. 1, 2026).

access to after termination of the attorney-client relationship. ECF No. 47, PageID.1073. The documents required under RI-392 include pleadings that have been filed or are ready to be filed, and correspondence sent or received by the lawyer in connection with the client's representation on relevant issues, including email correspondence. RI-392(I)(D)(1).

After the Court's order, Aikens and Al-Ali exchanged emails about the file materials.[2] ECF No. 57-1. Aikens wrote in an email that she had "produced the non-work-product file materials in [her] possession, including the pleadings, filed documents, arbitration-related materials, and the external communications with defense counsel that I located after your request that were not in any file." *Id.*, PageID.1235; *see also* PageID.1238, 1242-1245. Al-Ali confirmed receipt of those materials. *Id.*, PageID.1235-1241. Aikens thus claims that Al-Ali's case-file argument for sanctions is moot. ECF No. 56, PageID.1207-1208. But Al-Ali argues that

[2] Aikens did not include her emails with Al-Ali in her response to preserve potentially privileged attorney-client communications. ECF No. 56, PageID.1207 n.1. Aikens instead invited the Court to conduct an *in-camera* review of those emails, if requested. *Id.* But the Court need not conduct an *in-camera* review, as it appears that Al-Ali has filed the relevant email communications as exhibits to her reply. ECF No. 57-1, PageID.1235-1249; *see In re Grand Jury Proceedings*, 78 F.3d 251, 254 (6th Cir. 1996) ("By voluntarily disclosing her attorney's [communications] to a third party, for example, a client is held to have waived the privilege because the disclosure runs counter to the notion of confidentiality.").

Aikens impermissibly withheld a host of other materials, including the tracked changes and metadata of the drafts of every court filing, and attorney research files and internal notes. ECF No. 57-1, PageID.1236-1238.

Al-Ali's assertion that she is entitled to the entirety of her case file is misplaced. Michigan is not an "entire file" state under which the onus is on the attorney "to justify withholding a portion of the information contained within the lawyer's file rather than on the client to establish a need to access specific information to protect the client's interests." RI-392(I)(D)(1). And Al-Ali does not show a specific need for access to materials outside of those that Aikens has already produced.

Nor has Al-Ali cited authority showing that the Court has discretion to sanction defense counsel for allegedly colluding with Aikens. Al-Ali claims that, in collusion with Aikens, defense counsel refused to honor her demand for "full copies of all electronic transmissions" defense counsel sent to Aikens. ECF No. 48, PageID.1079-1080. Al-Ali cites no authority showing that defense counsel had any duty to provide her with copies of portions of its file. Defense counsel was never Al-Ali's attorney and thus had no ethical duty to produce portions of its file upon the termination of Aikens and Al-Ali's attorney-client relationship under M.R.P.C. 1.16(d).

Al-Ali also seeks sanctions against Aikens for allegedly asserting a $20,000.00 attorney lien for her representation. ECF No. 48, PageID.1079. The Court notes, however, that this argument is not ripe for consideration, as it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (cleaned up). Aikens stated that the lien would be asserted against "any recovery, settlement, judgment, award, or other proceeds obtained in connection with the claims on which the firm performed work." ECF No. 39-1, PageID.439. Thus, any dispute about the propriety or amount of the attorney lien will not ripen until, and unless, Al-Ali recovers monetary damages from this litigation and Aikens attempts to enforce her lien.

The Court thus **DENIES** Al-Ali's motion for sanctions.

**IT SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 3, 2026

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 3, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager